**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

      Plaintiff,

v.                                                                Case No. 11-14950

WILLIE E. McGLORY,

      Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATE SERVICE**

Before the court is Plaintiff's verified ex parte motion for alternate service.

Plaintiff states service of process cannot reasonably be made upon Defendant Willie E.

McGlory and that it appears Defendant has been evading service.  The court is not

convinced that Plaintiff has shown that service cannot reasonably be made by

traditional means and will therefore deny the motion without prejudice.

Plaintiff asks the court for permission to effect service by tacking the summons

and complaint to the front door of the Ridgecroft address and mailing the summons and

complaint by both certified and first-class mail.  Service of a complaint filed in a federal

court is proper by any method permitted for serving a complaint by the state in which

the federal court is located.  Fed. R. Civ. P. 4(e)(1).  Under Michigan law, "the court may

by order permit service of process to be made in any other manner reasonably

calculated to give the defendant actual notice of the proceedings and an opportunity to

be heard."  Mich. Ct. R. 2.105(I)(1).  Such alternative service may only be ordered upon

"a showing that service of process cannot reasonably be made as provided" otherwise.

Mich. Ct. R. 2.105(I)(1). Tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a "manner reasonably calculated to give the defendant actual notice," especially when accompanied by a mailing. *See Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at *4 (Mich. Ct. App. June 15, 2010) (per curiam); *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam).

The attached affidavit of the process server indicates that service was attempted at 4700 Livernois Ave., in Detroit, Michigan, on five different occasions. If the court were assured that this is the only address reasonably attainable for Defendant McGlory, the court would consider allowing alternate service based on these attempts. However, although counsel states in his motion that he believes this home address to be current, the court is not definitively persuaded. A search on the internet suggests that this address may be a business location.[1] Further, after spending just ten minutes conducting various searches, the court was able to identify a possible spouse's name (Lolita), and a possible alternative address (16718 Avon) at a possible alternative business (Detail, Inc.). While these possibilities may, or may not, lead to a successful service, the court is simply unpersuaded that counsel has diligently explored potential leads. Thus, Plaintiff has not yet made an adequate showing that Defendant cannot be located with reasonable diligence and that service of process cannot reasonably be made as provided in the rules. Accordingly,

---

[1]A search on Google suggests a residential house as 4700 Livernois, but a search on Bing suggests that 4700 Livernois is actually the next-door commercial building. Given the ambiguity, more research by counsel is necessary.

2

IT IS ORDERED that Plaintiff's motion for alternate service [Dkt. # 3] is DENIED WITHOUT PREJUDICE.


        s/Robert H. Cleland           
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 19, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 19, 2011, by electronic and/or ordinary mail.


        s/Lisa Wagner             
Case Manager and Deputy Clerk
(313) 234-5522