**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

       Plaintiff,

v.                                                                   Case No. 11-14950

WILLIE E. McGLORY,

       Defendant.

_____/

**ORDER GRANTING SECOND MOTION FOR ALTERNATE SERVICE AND**
**REQUIRING ADDITIONAL MONITORING**

Before the court is Plaintiff's second verified ex parte motion for alternate service. Plaintiff again states service of process cannot reasonably be made upon Defendant Willie E. McGlory and that it appears Defendant has been evading service. Plaintiff's previous request was denied because the court was not convinced that Plaintiff had shown that service could not reasonably be made by traditional means. Having considered the renewed motion, the court finds that counsel has now made the required showing.

Plaintiff asks the court for permission to effect service by tacking the summons and complaint to the front door of Defendant's home address and mailing the summons and complaint by both certified and first-class mail. Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located. Fed. R. Civ. P. 4(e)(1). Under Michigan law, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an

opportunity to be heard."  Mich. Ct. R. 2.105(I)(1).  Such alternative service may only be

ordered upon "a showing that service of process cannot reasonably be made as

provided" otherwise.  Mich. Ct. R. 2.105(I)(1).  Tacking a copy of the summons and

complaint to the door of the address of a defendant may be considered a "manner

reasonably calculated to give the defendant actual notice," especially when

accompanied by a mailing.  *See Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at

*4 (Mich. Ct. App. June 15, 2010) (per curiam); *Bennett v. Davidson*, No. 250694, 2005

WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam).

The attached affidavit of the process server indicates, as before, that service was

attempted at 4700 Livernois Ave., in Detroit, Michigan, on five different occasions.

Counsel now has provided information persuading the court that this address is

Defendant's current home address.  Thus, Plaintiff has made an adequate showing that

Defendant cannot be located with reasonable diligence and that service of process

cannot reasonably be made as provided in the rules.  Therefore, the court will grant the

motion and allow alternate service by a combination of posting on Defendant's front

door, publication in a local newspaper, and first class mail.  Accordingly,

IT IS ORDERED that Plaintiff's second motion for alternate service [Dkt. # 5] is

GRANTED and alternate service is ALLOWED as specified above.

IT IS FURTHER ORDERED that Plaintiff's counsel is DIRECTED to monitor and

report on **February 27, 2012**, the apparent result of the posting, i.e., by observation

approximately once per week to determine if the posting appears to have been

retrieved.

         s/Robert H. Cleland
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 25, 2012, by electronic and/or ordinary mail.

         s/Lisa Wagner
         Case Manager and Deputy Clerk
         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-14950.MCGLORY.AlternativeService.Grant.wpd